■ In the Matter of COALITION FOR THE HOMELESS et al., Appellants, et al., Petitioners, v SHIRLEY A. JENSEN et al., Respondents.—In a proceeding pursuant to Election Law § 16-108 to compel the respondents to register 240 individuals to vote and to permanently enjoin the respondents from refusing to allow the 240 individuals to register and vote in the November 3, 1992, election, the appeal is from so much of a judgment of the Supreme Court, Orange County (Barone, J.), entered November 2, 1992, as, after a hearing, denied registration to those homeless persons residing at Camp La Guardia who did not appear at the hearing.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

On or about September 29, 1992, 240 residents of Camp La Guardia, a homeless shelter located in Orange County, submitted voter registration applications to the respondent Orange County Board of Elections (hereinafter the Board of Elections). By letter dated October 22, 1992, and received on or about October 26, 1992, the Board of Elections notified the residents that their applications had been rejected based, *inter alia,* on the fact that they were "temporarily situated" at Camp La Guardia and, as a result, were not deemed residents of Orange County. The instant proceeding was commenced on October 27, 1992. The Supreme Court, Orange County, directed each of the 240 Camp La Guardia residents seeking to register to appear personally before the court on November 2, 1992, in order to give testimony with respect to whether they were qualified to vote in Orange County. Of the 240 petitioners, 107 appeared in court on November 2, 1992, and testified that they wished to vote in the upcoming election, that they considered themselves residents of Camp La Guardia, that they considered Camp La Guardia to be their home, that they presently planned to remain at Camp La Guardia indefinitely, that Camp La Guardia was the center of their activities, and that they had been residing there not less than 25 days. Based on the foregoing testimony, the court found these 107 applicants to be residents of Orange County. The Supreme Court, by judgment dated November 2, 1992, directed the respondents, in effect, to register those applicants who appeared before the court and testified, and to permit them to vote on November 3. The court denied the application as to the remaining 133 residents who failed to appear and testify. By order dated November 2, 1992, this Court directed that the ballots of the 133 residents who failed to appear and testify before the Supreme Court be accepted by the respondents and held pending final resolution of this matter.

The rejection of the voter registration applications of residents of Camp La Guardia because they did not appear at the November 2, 1992, hearing was an unconstitutional application and enforcement of Election Law § 5-104. Election Law § 5-104 subjects "groups likely to include transients, to the risk of a more searching inquiry than is applicable to prospective registrants generally as to whether they have met the substantive standard for voter eligibility" *(Auerbach v Rettali-*

*ata,* 765 F2d 350, 354). While there is nothing constitutionally impermissible in New York having enumerated certain categories of persons who, despite their physical presence, may lack the intention required for voting, those persons must be " 'given at least an opportunity to show the election officials that they are bona fide residents' " *(Ramey v Rockefeller,* 348 F Supp 780, 786). We find, however, that based upon the significant time constraints placed on the residents of Camp La Guardia, the respondents cannot be considered to have taken reasonable, good faith steps to determine the true residence of the homeless applicants *(see, Williams v Salerno,* 792 F2d 323). As a result, the matter is remitted to the Supreme Court, Orange County, for further proceedings, thereby affording the remaining 133 petitioners an opportunity to show that they were residents of Orange County as defined in Election Law § 1-104 (22). If the Supreme Court determines that the 133 applications were improperly rejected, the ballots of those petitioner voters should be counted in the final certification of New York State votes. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.